Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Daphne Hawkins**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**RTH Enterprises, LLC d/b/a Dennys,** an Arizona company; and **Rahul Haria,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Daphne Hawkins for her Verified Complaint against Defendants RTH Enterprises, LLC d/b/a Dennys ("Dennys"); and Rahul Haria; hereby allege as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful retention of Plaintiff's tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip Violation**").

2. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the

FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Daphne Hawkins resided in the District of Arizona.

7. Plaintiff Daphne Hawkins was a full-time employee of Defendants or Defendants' affiliates between in or around February 2014 until on or around March 26, 2023.

8. At all relevant times, Plaintiff Daphne Hawkins was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. Dennys is a company authorized to do business in Arizona.

10. Dennys is Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

11. Defendant Rahul Haria is an Arizona resident.

12. Defendant Rahul Haria has directly caused events to take place giving rise to this action.

13. Defendant Rahul Haria is a member of Dennys.

14. Defendant Rahul Haria is an owner of Dennys.

15. Defendant Rahul Haria is an employer of Dennys.

16. Defendant Rahul Haria has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

17. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Rahul Haria is an employer.

18. Defendant Rahul Haria determined the rate and method of Plaintiff's payment of wages.

19. Defendant Rahul Haria would periodically come into the restaurant to collect money from the register and would not disperse tip money from online orders to employees.

20. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Rahul Haria is subject to individual and personal liability under the FLSA.

21. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

22. Defendants, and each of them, are sued in both their individual and corporate capacities.

23. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

24. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at

least $500,000 in 2020.

25. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

26. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

27. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2023.

28. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiffs, in her work for Defendants, was engaged in interstate commerce.

30. At all relevant times, Plaintiff, in her work for Defendants, regularly used instrumentalities of interstate commerce.

31. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

32. Plaintiff handled credit cards transactions for Defendants.

33. Plaintiff is a covered employee under individual coverage.

34. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

35. The Defendant entity is a restaurant.

36. On or around February 2014, Plaintiff Daphne Hawkins commenced employment with Defendants as a server.

37. Plaintiff's primary job duties include taking orders, delivering food, cleaning, and cashing out customers.

38. Plaintiff Daphne Hawkins was paid at a rate of $10.50 an hour plus tips.

39. Plaintiff was not provided her proper tips that she had earned.

40. Defendants would receive or defer Plaintiff's tips.

41. Beginning in March 2020, when online ordering picked up, Plaintiff noticed she was not receiving tips from online orders.

42. Defendants did not provide Plaintiff with tip receipts for these orders.

43. When Plaintiff would cash out an online order, the ticket would read OLO and not be registered under Plaintiff's name, even if she prepared the order.

44. For example, on or around March 17, 2023, Plaintiff cashed out an online order with a subtotal of $35.98.

45. Plaintiff was not able to view the tip that was left and did not receive any tip money for this order.

46. For example, on or around March 17, 2023, Plaintiff cashed out an online order with a subtotal of $21.05.

47. Plaintiff was not able to view the tip that was left and did not receive any tip money for this order.

48. Plaintiff spoke to other tipped employees and they never received this tip money or their tip money for online orders either.

49. Plaintiff believes the owner, employer, supervisor, and/or manager received

these tips and other times she was tipped out.

50. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

51. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

52. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
**(FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))**

53. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

54. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

55. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

56. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

57. Plaintiff is an employee entitled to all of their tips.

58. Defendants kept portions of Plaintiff's tips.

59. In addition to the amount of unpaid tipped wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C.

§ 216(b).

60. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful.

61. Defendants have not made a good faith effort to comply with the FLSA.

62. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following act:

i. violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

ii. willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

B. For the Court to award an additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 29, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Daphne Hawkins